**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | : | |
| **OSVALDO BERMUDEZ,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **vs.** | : | **CIVIL NO. 06-4701** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**RUFE, J.**                                                                                              **June 21, 2007**

<u>**MEMORANDUM OPINION AND ORDER**</u>

        Before the Court are Defendant Prison Health Services' ("PHS") Motion to Dismiss Plaintiff's First Amended Complaint [Doc. # 9], Plaintiff's Response thereto [Doc. # 10], and PHS's Supplemental Memorandum of Law [Doc. # 11].  After reviewing the parties' briefs, and the applicable law, the Court will deny PHS's motion, for the reasons stated below.

**I. BACKGROUND**

        Because this case is in the pleadings stage, the Court construes the allegations in the First Amended Complaint as true.[1]  According to the First Amended Complaint, Plaintiff Osvaldo Bermudez is a prisoner who in October 2004 was transferred to the Curran-Fromhold Correctional Facility ("CFCF") in Philadelphia.[2]  Bermudez is an insulin-dependent diabetic, and has a medically

---

[1] <u>Worldcom, Inc. v. Graphnet, Inc.</u>, 343 F.3d 651, 653 (3d Cir. 2003).

[2] Am. Compl. ¶ 16.

diagnosed condition that weakens his leg bones.[3]  When Bermudez arrived at CFCF, he reported to the medical ward, where he requested a bottom bunk as necessary to accommodate his medical conditions.[4]  The nurse who received Bermudez, however, did not grant his request, and told him that "he would have to take whatever bunk was available."[5]  Bermudez was then placed in a cell where the only bunk available was a top bunk.[6]  Bermudez was "forced to climb up to the top bunk using a wobbly plastic chair, as there were no steps or ladder provided."[7]

The next day, when Bermudez went for his insulin shot, he told both a correctional officer and the nurse that he was not assigned a bottom bunk as his medical conditions required.[8] The nurse replied that "there was nothing she could do because of overcrowding."[9]  Bermudez then returned to his cell and climbed back up the wobbly plastic chair to his top bunk.[10]  Later, having to use the restroom, Bermudez again climbed down from the top bunk, using the wobbly plastic chair.[11] While climbing down, "the chair slipped from under his legs and he fell to the ground."[12]  Bermudez

---

[3]  Id. ¶ 11.

[4]  Id. ¶ 18.

[5]  Id.

[6]  Id. ¶ 22.

[7]  Id. ¶ 24.

[8]  Id. ¶ 26.

[9]  Id.

[10]  Id. ¶ 27.

[11]  Id. ¶ 28.

[12]  Id. ¶ 29.

"landed on the cemented floor in an awkward position causing him to suffer severe, permanent and debilitating injuries."[13]

Bermudez called for help, and after some delay, another inmate brought him to the medical ward in a wheelchair.[14]  When he arrived at the medical ward, "his left knee was the size of a softball, his right ankle was swollen with bubble packs of blood, and his right heel was split in half."[15]  The treating doctor gave Bermudez an icepack and some Tylenol and then sent him back to his cell.[16]  Upon returning to his cell, and not being able to get up to his top bunk, a female guard "took it upon herself to move one of the other inmates in [Bermudez's] cell to the top bunk and give [him] a bottom bunk."[17]  Upon awaking the next morning, and noticing that his sheets were "full of blood," Bermudez called a guard who then took him back to the medical ward.[18]  The doctor sent Bermudez to Frankford Hospital,[19] where he was diagnosed with fractures in both his right ankle and left patella, as well as cellulitis (a serious skin infection) in his right ankle.[20]

Bermudez has since filed this action alleging violations of the U.S. Constitution under the Fourth, Fifth, Eighth, and Fourteenth Amendments, as well as state-law claims for assault, battery, intentional infliction of emotional distress, and negligence.  He seeks compensatory

---

[13] Id.

[14] Id. ¶¶ 30–33.

[15] Id. ¶ 34.

[16] Id. ¶ 35.

[17] Id. ¶ 36.

[18] Id. ¶ 37.

[19] Id.

[20] Id. ¶ 39.

damages, punitive damages, and injunctive and declaratory relief.  In his Amended Complaint, Bermudez names as Defendants the City of Philadelphia, Leon A. King, II, the Commissioner of the Philadelphia Prison System, Warden Louis Giorla, two unnamed Correctional Officers, and Prison Health Services ("PHS"), the provider of medical services at CFCF.  The City of Philadelphia, Commissioner King, Warden Giorla, and the unnamed Correctional Officers ("City Defendants") filed an Answer to the Amended Complaint.  PHS, however, has filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).  The Court has reviewed the Motion to Dismiss, along with Bermudez's Opposition, and the Court will deny the Motion, for the reasons that follow.

## II. DISCUSSION

Although Bermudez presses several claims under both the U.S. Constitution and state law, PHS addresses only the Eighth Amendment claim and the request for punitive damages.  Thus, the Court will confine its analysis to those parts of Bermudez's Amended Complaint.  Under Federal Rule of Civil Procedure 12(b)(6), the settled rule in the Third Circuit, as in all the federal courts, is that "[d]ismissal for failure to state a claim is appropriate only if it 'appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"[21]  To make this determination, the court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."[22]  While the court should give plaintiff the benefit of every doubt, the court need not assume that the plaintiff can prove facts that he has not

---

[21] Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003) (quoting Conley v. Gibson, 355 U.S. 41, 45–46 (1957)).

[22] Krantz v. Prudential Invs. Fund Mgmt. LLC, 305 F.3d 140, 142 (3d Cir. 2002) (quotation omitted).

alleged in his complaint.[23]

Preliminarily, the Court notes that PHS originally argued that Bermudez had not met a "heightened pleading requirement" imposed on civil-rights plaintiffs.  However, as PHS now concedes, "[i]n 1993, the Supreme Court struck down the heightened pleading requirement for civil rights cases."[24]  Accordingly, all parties now agree that Bermudez is bound only to set out "a short and plain statement" of his claim for relief, a requirement that he has met.[25]

Next, PHS argues that Bermudez has not stated a claim for a violation of his Eighth Amendment right to be free from cruel and unusual punishment, which requires that he allege that the Defendants were deliberately indifferent to his serious medical needs.[26]  Put another way, in order to state a claim for an Eighth Amendment violation, a plaintiff must allege that a prison official "knows of and disregards an excessive risk to inmate health or safety."[27]  The Court finds that Bermudez has alleged facts sufficient to support such a claim.  He alleges that the intake nurse ignored his medical conditions and refused to give him a safe bunk to sleep in.  He alleges a fall from this unsafe bunk caused bone fractures and other injuries that sent him to the infirmary.  And he alleges that because the doctor sent him back to his cell without proper treatment for his injuries, his injuries worsened, which led to a ten-day hospitalization.  In sum, Bermudez alleges that despite being put on notice, Defendants willfully ignored his diabetes and bone condition, and housed and

---

[23] City of Pittsburgh v. W. Penn Power Co., 147 F.3d 256 (3d. Cir. 1998).

[24] Fletcher-Harlee Corp.v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007) (citing Leatherman v. Tarrant County Narcotics Intelligence & Commc'n Unit, 507 U.S. 163, 168 (1993)).

[25] See Fed. R. Civ. P. 8(a)(2).

[26] Woloszyn v. County of Lawrence, 396 F.3d 314, 319 (3d Cir. 2005) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

[27] Farmer v. Brennan, 511 U.S. 825, 837 (1994).

treated him in a manner that caused him severe and permanent injuries.  Thus, the Court concludes that his claims for relief under the Eighth Amendment have been sufficiently pleaded.

Finally, PHS asks the Court to strike Bermudez's request for punitive damages. Under the law of this Circuit, "punitive damages may be awarded under 42 U.S.C. § 1983 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'"[28]  Because the Court concludes that Bermudez has stated facts which, if proven, could demonstrate that the Defendants were deliberately indifferent to his serious medical needs, it follows logically that "reckless or callous indifference" has been noticed.  Hence, there is a proper basis for a request for punitive damages.

An appropriate Order follows.

---

[28] Coleman v. Kaye, 87 F.3d 1491, 1497 (3d Cir. 1996) (quoting Smith v. Wade, 461 U.S. 30, 56 (1983)).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|                              |   |                     |
|------------------------------|---|---------------------|
| **OSVALDO BERMUDEZ,**        | : |                     |
|                              | : |                     |
|         **Plaintiff,**       | : |                     |
|       **vs.**                | : | **CIVIL NO. 06-4701** |
|                              | : |                     |
| **CITY OF PHILADELPHIA, et al.,** | : |                 |
|                              | : |                     |
|         **Defendants.**      | : |                     |
_____ :

### <u>ORDER</u>

   **AND NOW**, this 21st day of June 2007, upon consideration of Defendant Prison Health Services' ("PHS") Motion to Dismiss Plaintiff's First Amended Complaint [Doc. # 9], Plaintiff's Response thereto [Doc. # 10], and PHS's Supplemental Memorandum of Law [Doc. # 11], it is hereby

   **ORDERED**, that the Motion to Dismiss [Doc. # 9] is **DENIED**; it is further

   **ORDERED**, that PHS's First Motion to Dismiss Plaintiff's Complaint [Doc. # 3] is **DISMISSED AS MOOT**.

   It is so **ORDERED**.


                                        **BY THE COURT:**

                                        **/s/ Cynthia M. Rufe**

                                        _____

                                        **CYNTHIA M. RUFE, J.**